## Hoggatt *v.* Montgomery *et al.*

In assigning a breach in suit on an administrator's bond, it is not necessary, in order to establish a *devastavit*, to state the kind and quantity of goods and chattels which came to the hands of the administrator. It is enough to aver that goods and chattels sufficient to pay the debt came into his hands, and that he wasted and converted the same to his own use.

When the value of the estate is stated in the breach, and it thus appears that sufficient assets came to the administrator's hands to pay the debt, a formal averment of sufficient estate is unnecessary.

When a record of a judgment was offered in evidence on a proceeding to establish a *devastavit* against an administrator, and it appeared that by a clerical mistake it had been entered up against the administrator individually, the judgment being in the same court, the judge properly permitted the record to be amended and read to the jury.

When, on a suit on an administration bond, the declaration averred that sufficient assets came to the hands of the administrator; that the administrator wasted the assets; and that the plaintiff had recovered judgment against the intestate for a certain amount, which was unsatisfied; on demurrer by the defendant, and demurrer overruled, it was held that a *devastavit*, and the amount of it, were admitted by the record, and that a writ of inquiry was unnecessary.

IN ERROR from the circuit court of the county of Adams.

This was an action of debt, instituted by the judge of probate, for the use of Montgomery and Mitchell, on the administration bond of Lewis Miller, administrator of Thomas H. C. Hankinson, deceased, in which bond Nathaniel Hoggatt, the plaintiff in error, was security. The suit was discontinued as to Miller. The plaintiff assigned, as a breach of the bond, that "goods, chattels and credits of great value, to wit: of the value of five thousand dollars, came to the hands and possession of said Miller, as administrator as aforesaid, to be administered; yet the said administrator did not well and truly administer the goods, chattels and credits of the said deceased, which came to his hands and possession as administrator in that, to wit: that said Montgomery and Mitchell afterwards, to wit: on the 17th day of April, A. D. 1838, to wit: at

said county, by the judgment and consideration of the circuit court of said county, at the said April term thereof, recovered judgment against said Miller as such administrator of said deceased, for the sum of two hundred and eighty-nine dollars and forty-six cents, for so much money due from said deceased, in his life time, to said Montgomery and Mitchell, besides costs, &c. taxed to the amount of seventeen dollars and fifty cents." The breach then proceed to state that execution had been sued out on said judgment, and that the sheriff had returned the same *nulla bona*— and concluded "And so the said plaintiff avers that by reason of the premises and said judgment remaining unpaid and unreversed, said condition of said writing obligatory has been absolute, and an action hath accrued to said plaintiffs to have and demand of and from said defendants the said sum of two thousand dollars as above described, common breach."

The plaintiff in error, Hoggatt, filed his demurrer, and assigned for causes—

1. It is not averred or shown in the declaration what particular goods, chattels and credits came to the hands of the administrator to be administered, nor is it shown what were not administered.

2. It is not shown that sufficient goods and chattels came to the hands of the administrator to pay plaintiff's demand.

3. It is not averred in said declaration that the judgment in favor of plaintiffs remains unpaid and unsatisfied, or that the same was unsatisfied at the time of the commencement of said suit. Nor is there any averment that the said intestate was, in his life time, in debt to said Montgomery and Mitchell.

At the May term, 1840, the circuit court overruled the demurrer, and thereupon entered a judgment by default against Hoggatt, and awarded a writ of inquiry, directed, &c. to assess the damages for the defendants in error, and thereupon came a jury and assessed the plaintiffs damages for the use of Montgomery and Mitchell to the sum of three hundred and fifty-eight dollars and eight cents. In the progress of executing the writ of inquiry, the plaintiffs in the circuit court read the record of a judgment of the said court in the name of Montgomery and Mitchell against Lewis Miller, administrator of S. H. C. Hankinson, and read the same as *originally recorded in the judgments of said court.* To the suf-

ficiency of which record and judgment, as evidence in the case, the defendant, Hoggatt, objected; whereupon the plaintiff, by his attorney, moved the court to amend the said judgment by striking out the words as follows: after the word "sworn," "the issue joined to try," and insert "to assess *the damages as aforesaid.*" Also to strike out the words "we of the jury do find that said defendant did assume and promise, as said plaintiff hath above, thereof in his said declaration complained against him." Also, after the word "defendant," insert the words "administrator as aforesaid." To the making of which amendments of the said record the defendant, Hoggatt, objected; but the court overruled the objection and permitted the plaintiff to have said record amended as aforesaid, and to be read to the jury as amended; to which opinion of the court in permitting the said amendments to be made, and allowing the same so amended to be read to the jury, the defendant, Hoggatt, then excepted.

Afterwards, at the same term, the defendant, Hoggatt, moved the court *to* set aside the verdict and judgment taken at said term of the court in this cause, and grant him a new trial on the following grounds:

First. The court erred in overruling demurrer to plaintiff's declaration.

Second. The court erred in permitting the record of the case of Montgomery and Mitchell *v.* T. H. C. Hankinson's administrator, to go to the jury in evidence.

Third. The court erred in permitting the execution to be read to the jury for any purpose.

Fourth. There was no evidence of any devastavit, or that any estate ever came to the hands of said Miller as administrator aforesaid, to be administered.

Motion overruled; to which opinion of the court the defendant below objected, and filed his bill of exceptions, which was signed, sealed and made part of the record.

The bill of exceptions showed that the said record of the judgment so amended, and the execution which issued upon the judgment before the same was amended, was all the evidence in the case which was adduced before the jury, and upon which they made their assessment.

Sanders, for plaintiffs in error.

The errors assigned in this cause are, first, the circuit court erred in overruling demurrer to defendant's (in error) declaration. Second, the judgment of the circuit court is erroneous and defective, and unauthorized by the evidence, in the cause. Third, the damages assessed by the jury are unauthorized by the evidence in the cause. Fourth, the circuit court erred in refusing to grant to the plaintiff in error a new trial on the grounds filed.

The grounds filed for a new trial are, first, the court erred in overruling demurrer to plaintiff's declaration. Second, the court erred in permitting the record of the case of Montgomery & Mitchell *v.* T. H. C. Hankinson's administrator to go to the jury as evidence. Third, the court erred in permitting the execution to be read to the jury for any purpose. Fourth, there was no evidence of any devastavit, or that any estate ever came to the hands of said Miller as administrator aforesaid, to be administered.

The first question presented then, is, as to the sufficiency of the declaration and the correctness of the decision overruling demurrer thereto. I contend that the last special matter assigned in the demurrer is well taken, " nor is there any averment that the said intestate was in his life time in debt to the said Montgomery & Mitchell." The only averment in the declaration charging indebtedness which is in the nature of assigning a breach to the condition is as follows:

By way of assigning a breach of condition of said writing obligatory states the fact to be, that afterwards, on the day and year aforesaid, (the date of the bond,) &c., "that said Montgomery and Mitchell afterwards, to wit, on the 17th day of April, A. D. 1838, to wit, at said county, by the judgment and consideration of the circuit court of said county, at the said April term thereof, recovered a judgment against said Miller as such administrator of said deceased for the sum of two hundred and eighty-nine dollars and forty-four cents for so much money due from said deceased in his life time to said Montgomery and Mitchell, beside costs of suit."

I hold that it is not sufficient upon an administration bond against securities to aver a recover merely, but that there must be an averment that the intestate was indebted to the relator or party

Hoggatt *v.* Montgomery *et al.*

interested with all the certainty and description of indebtedness that is necessary in a declaration, whereby to enable the security to contest the validity of the debt, or if necessary to show its payment or satisfaction; nothing is taken by intendment in pleading, certainty at least to a common intent is required.

The next assignment embraces the substance and form of the judgment, and that it was unauthorized by the evidence in the cause, that of the third question the finding of the jury, which will be considered together. The judgment according to precedents should have been for the penalty of the bond, to be discharged by the payment of the sum assessed by the jury in damages. This is necessary, so that when the whole penalty may be recovered the surety may plead the same in bar to further suits.

Also, because the sum assessed is more than the proof authorized, see statements calculating interest to be filed. We rely that there was no evidence in the cause authorizing the jury to assess any damages. The record read of Montgomery and Mitchell against Louis Miller, administrator of Hankinson, is a nullity, and was improperly admitted to the jury, because he was never served with process, and never appeared to the action. The pretended authority for the special deputy to execute the process is in the following words and figures, to wit:

"I specially deputize James Nichols my lawful deputy to serve this writ. 20 March, 1838. Mark Izod, Sheriff."

The return of the service of the process is in the following words and figures:

"Served by leaving a copy with the defendant's wife. 20th March, 1838. M. Izod, Sheriff, by James Nichols, S. D."

Which seems to have been amended as follows:

"The within named defendant not being found at his place of residence, I executed the same by leaving a copy thereof with his wife at the said defendant's residence, this 20th March, 1838.

Mark Izod, Sheriff, by James Nichols, S. D."

See page 13 of record.

The law authorizing the sheriff to appoint deputies requires that it should be done in writing, under the hand and seal of the sheriff. See How. & Hut. Digest, 292, sec. 6. The act authorizing the appointment of a special deputy to execute special process re-

9*

Hoggatt *v.* Montgomery *et al.*

quires the same formality, of the above section, dispensing only with the oath. All acts done without complying with said requi-, sitions are declared void. How. & Hut. Digest, 292.

But if the special deputy had been competent, his return is defective, before the service is good, by leaving a copy thereof with the wife, it must appear that the "defendant cannot be found, then a copy to be left with his wife at his usual place of abode." How. & Hut. Digest, 583, sec. 27. In this case the writ issued 20th of March, 1840, the special deputy is appointed the same day, and on the same day he makes his return, and that not in conformity to the requisitions of the statute. His return is, "defendant not being found, he executed by leaving a copy thereof with his wife at the said defendant's residence." He does not return that the *defendant could not be found,* or that he made any search for him, or that it was served on his wife in Adams county, or at his usual abode or residence.

I contend that in a case like this, such judgment can be attacked collaterally, and if the court upon inspection discovers that the process has not been executed according to law, that the judgment is a nullity, and not merely voidable.

The fourth assignment I contend is well taken. The judgment as offered on the trial of the writ of inquiry, was one that could not have afforded any evidence against the defendant. It was in personem against Miller, and not against the goods and chattels in his hands, as administrator, unadministered. The amendment was unauthorized, and to the prejudice of the defendant, without notice to the defendant Miller, and made, too, pending the trial. The act authorizing the court to make amendments of the sort, requires notice. See H. & H. Digest, 618, sec. 24. And a judgment by default against Miller, if correct, is not evidence against Hoggatt in this action. Carmichal *v.* Governor *et al.* 3 Howard's Reports, 236.

The fifth assignment is equally conclusive. Surely the party was surprised by the act of the court in permitting such amendment. As a diligent suitor he had examined the judgment which was designed to charge him as set forth in plaintiff's declaration, he could but perceive the variance, and he required no other defence.

There was no proof of assets, no proof of the demand of Montgomery and Mitchell against the estate of the intestate Hankinson, and we contend that a judgment by default against an administrator, is not evidence of assets against the security. This court has decided the allegations of the scire facias are not of themselves sufficient to justify a final judgment by default; there must be proof. 1 How. Rep. 271, and authorities referred to. For which causes we contend that the judgment of the circuit court is erroneous, and ought to be reversed and remanded, and sent back for new proceedings.

Montgomery & Boyd, for defendant.

The first assignment of errors calls in question the judgment on demurrer. If that judgment was improperly rendered, the cause must be reversed. Let us examine, separately, the reasons assigned for demurring.

First. The first reason is, that it is not averred what goods, &c. came to the hands of the administrators to be administered, and what goods, &c. remain unadministered.

In an action against the surety on an administration bond, it is sufficient for the plaintiff to state, that the goods, &c. of the deceased, to a large amount, &c. had come to the hands of the administrator, which he had converted and disposed of to his own use. 13 John. Rep. 437. The allegation in the declaration that the sheriff had returned "nulla bona" on the execution is a charge of a fact which amounts to a devastavit. 1 Saun. Rep. 219, note.

The second cause of demurrer is, that it is not alledged that sufficient assets came to the hands of the administrator to pay the judgment in favor of Montgomery & Mitchell.

. The allegation is, that effects to the value of five thousand dollars came to his hands, and the court must be presumed to know that that sum is sufficient to pay two hundred and eighty nine dollars, which is the amount claimed by Montgomery & Mitchell.

The third cause of demurrer is, that it is not averred that the judgment in favor of Montgomery & Mitchell was unsatisfied at the commencement of this suit; nor is there any allegation that the intestate was indebted in his life time.

It is alledged that Montgomery & Mitchell recovered a judgment against L. Miller, as administrator, &c. for so much money, due from said deceased, in his life time, to said Montgomery & Mitchell, and it is averred that by reason of the premises, and said judgment remaining unpaid and unreversed, said condition, &c. has become absolute; which is conceived a sufficient allegation that the judgment remained unsatisfied at the commencement of the suit.

Second.    The second assignment of errors is, that the judgment of the circuit court is erroneous and defective, in substance, and not authorized by the evidence in the cause.

It is conceded that the judgment is not formally and technically correct, as it should have been, for the debt in the declaration mentioned to be discharged by the payment of the amount of damages assessed by the jury; but this is a mere clerical inaccuracy, not affecting the rights of the parties, subject to amendment at any time, and not sufficient ground for reversing a judgment otherwise correct.    3 How. Rep. 227; 2 Ib. 735.

Third.    The third assignment is, that the damages assessed were not authorized by the evidence.

The evidence was the judgment and execution, which, together, show that the amount of judgment, cost, and interest, is the sum found by the jury.

Fourth.    The fourth assignment is, that the court erred in permitting the amendment of the record offered in evidence.

The amendments were wholly unimportant and unnecessary, being mere clerical errors, not vitiating the judgment; and therefore the allowance of the amendment is not error.    But the court has power to allow amendments of judgments at any time, even in important particulars.    How. & Hutch. 591, 618.

Fifth.    The court erred in refusing to grant a new trial.    We will examine the reasons offered in their order.    First, the court erred in sustaining the demurrer.    This has been fully answered. Second, it was error to admit the record of Montgomery & Mitchell, vs. L. Miller in evidence.    But one reason was urged for excluding the record, and that was, that it appeared to be against the defendant Miller, without noticing his representative capacity, in which particular it was amended.    But it is conceived the word

Hoggatt *v.* Montgomery *et al.*

*defendant* applies as well to the capacity in which an individual is sued, as to the name given him. And when a judgment is rendered against the "defendant," without other description, it means the party sued in the capacity in which he is named in the previous part of the declaration. If the judgment had been against Lewis Miller, without further description, it would have been error, but being against the "defendant," includes not only the name, but the description of character.

The third is that the court erred in permitting the execution to be read. We cannot conceive any objection to this document, and therefore await the reasons to be given in argument.

The fourth is that there was no evidence of a devastavit, or that any estate came to the hands of the administrator.

On a trial of an issue this objection would have been irresistible; but it is conceived the judgment on demurrer was conclusive evidence of every thing but the amount of damages sustained by the plaintiff.

Boyd on the same side.

Mr. Chief Justice Sharkey delivered the opinion of the court.

This action was brought on an administrator's bond against Lewis Miller and Nathaniel Hoggatt, Miller being the principal and Hoggatt the surety. An averment of assets and suggestion of *devastavit* is made, and the breach is that the defendants in error had recovered a judgment against Miller as administrator, which he had failed and refused to pay. To the declaration there was a demurrer with special causes, which was overruled, and the defendant Hoggatt (the suit having been discontinued as to Miller,) failing to plead, a default was taken and writ of inquiry awarded.

The first ground taken for reversing the judgment is, that the court erred in overruling the demurrer, in disposing of which each particular cause of demurrer will be considered; the first of which is, that "it is not averred or shown in said declaration, what particular goods and chattels and credits of the deceased came to the hands or possession of said Miller, as administrator, to be administered; nor is it shewn in said declaration what goods and chattels and credits were not administered by said Miller."

Hoggatt v. Montgomery et al.

The answer to this is, that it is never necessary to state in such a declaration as this the particular kind or quantity of chattels which came to the hands of the administrator. That is a fact which is best known by him. It is enough to aver that goods and chattels sufficient to pay the debt came to the hands of the administrator, and that he wasted and converted the same to his own use. 13 J. Rep. 437. There can be no reason for requiring more than this, as it will not be required of the plaintiff to prove every article of property that was received; it will be enough to prove that sufficient assets came to his hands. It is averred in the declaration that goods chattels and credits of the value of five thousand dollars came to the hands of Miller, and yet that he failed to pay the judgment, which was for two hundred and eighty nine dollars and fifty cents, and this is sufficient.

The second cause of demurrer is, that "It is not averred, stated or shown in said declaration, that money, goods, chattels or credits came to the possession of said administrator, or assets of said estate sufficient to pay and satisfy said claim of Montgomery and Mitchell.

It is usual in cases of this kind to aver that a *sufficient* amount of goods came to the hands of the administrator to pay the debt, and this may be done without stating the value; but the plaintiff has stated that which is equivalent, he avers that goods to the value of $5000 came to the hands of Miller, and he only claims to recover $289 50, and surely it was not necessary for him to aver that $5000 was *sufficient* to pay this small sum. The word *sufficient* superadded to this averment, would have been entirely superfluous.

The substance of the third cause of demurrer is, that the declaration does not contain an averment that the judgment of Montgomery and Mitchell remained unpaid at the commencement of the suit, nor does it aver that the intestate in his lifetime was indebted to Montgomery and Mitchell. This is not true in point of fact. The breach avers the issuance of a *fieri facias* on the judgment, and a return of *nulla bona*, and the declaration concludes in these words, to wit; "and so said plaintiff avers that by reason of the premises, and said judgment remaining unpaid and unreversed, said condition of said writing obligatory has become absolute," &c. The declaration also expressly avers that the judgment was reco-

Hoggatt *v.* Montgomery *et al.*

vered against Miller for a debt due by his intestate in his lifetime to Montgomery and Mitchell.   Neither of the causes assigned were therefore good causes of demurrer, and the court correctly overruled it.

At the execution of the writ of inquiry the defendant appeared and objected to the admissibility of the judgment as evidence, but it was permitted to go to the jury.   It will not be necessary here to go into the objections made to the judgment as a matter of evidence, as the defendant moved for a new trial and amongst other reasons, assigned the admission of the judgment as one.

The reasons on which the new trial was asked are, in substance, as follows:

First.  The court erred in overruling the demurrer.

Second.  The court erred in permitting the record of the judgment in favor of Mitchell and Montgomery *v.* Lewis Miller, administrator, to be read to the jury.

Third.  The court erred in permitting the execution to go in evidence.

Fourth.  There was no evidence of a devastavit, or that any estate ever came to the hands of Miller.

The motion was overruled, and a bill of exceptions taken, which sets out the evidence.

The first ground taken for a new trial has been disposed of, and we shall proceed to consider the second.   The judgment offered in evidence was a judgment of the same court in which the cause was tried, and the record of the judgment was produced.   A default had been taken against Miller, and a writ of inquiry had been awarded, but the jury rendered their verdict as though an issue had been submitted, and the court, in rendering judgment, rendered it against the defendant generally, omitting the words "as administrator."   When the objection was taken, the plaintiffs below moved to amend the judgment, to make it correspond to the declaration and process, which were against Miller as administrator of Hankinson, and the court permitted the amendment to be made, both in the form of the verdict and judgment.   Was this proper or not?   The error in entering the verdict was evidently a mere clerical mistake.   It is sufficient if a verdict be substantially

Hoggatt *v.* Montgomery *et al.* ·

good; it may then be moulded into proper form by the court. Montgomery *v.* Tillotson, 1 How. 215. The verdict was substantially good, even without the amendment. And so as to the judgment, whether it was amendable or not; the record sufficiently showed the nature of the demand to entitle the whole to be read. It was only introduced for the purpose of showing a debt, and the verdict alone would have done this. No *particular* objection is urged against the execution; the objection is general, and if the verdict and judgment were evidence of a debt, surely the return of the sheriff was proper to show that a devastavit was committed, after proof of assets, and this is an answer to the last reason for a new trial, except that part of it which alleges that there was no proof of assets. Was this necessary? Under a different state of pleading it would have been incumbent on the plaintiff to have shown assets, and we have been the less particular in examining the several grounds for a new trial, because we think the case properly considered could not have given rise to any such questions.

This action is against Miller, and Hoggatt, as his security in the bond. The suit was discontinued as to Miller, and Hoggatt became the only defendant, and he demurred to the declaration. The bond was mere inducement to the action. The devastavit was the *gist* of the action. The defendant, by demurring, admitted every thing that was well pleaded. Now, what does the declaration contain? First—it avers that sufficient assets came to the hands of the administrator; this the demurrer admits. Second—that the administrator wasted the assets; this, also, is admitted. Third—that the plaintiffs below had recovered judgment for two hundred and eighty-nine dollars and fifty cents against the administrator, on a debt due them by the intestate in his life time, which remains unsatisfied; and this, too, is admitted by the demurrer. These things being admitted, what remained to be proven? Nothing. The right of action became evident. Where was the necessity for a writ of inquiry? There was none. The debt was a matter of record, certain in amount, and admitted to be just and unpaid, and the court had nothing to do but to direct the clerk to calculate the interest. The assessment of damages was therefore unnecessary; and suppose the judgment should be

Hoggatt *v.* Montgomery *et al.*

reversed, and the cause remanded, what would be the correct course of the court below? It would be to calculate the interest and enter the judgment. Would it then avail the defendant any thing to have it sent back? It would not. He has admitted every thing, and on his admissions a judgment would necessarily be entered against him for the same amount. He is therefore not prejudiced by the judgment. But further—suppose we were to reverse the judgment, would we not be bound to enter such judgment as the court below should have entered? The record would undoubtedly justify this course.

For these reasons we think the judgment should be affirmed.